UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVID MCCARREN, *et al.*,

    Plaintiffs,

v.

RAPHAEL WASHINGTON, *et. al.,*

    Defendants,

_____/

Case No. 4:23-CV-12324
F. KAY BEHM
United States District Judge

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiffs are all inmates confined at the Wayne County Jail in Detroit, Michigan. The plaintiffs seek to file a joint civil rights complaint. For the reasons that follow, the complaint is dismissed without prejudice.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Although the PLRA does not specify how fees are to be

1

assessed when multiple prisoners file a joint complaint, the Sixth Circuit suggested that fees and costs should be divided equally in such cases between the plaintiffs. *In Re Prison Litigation Reform Act,* 105 F. 3d at 1137-38.[1]

Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court normally must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is

---

[1] Although the courts of this district relied on the administrative order in *In Re Prison Litigation Reform Act* for the rule that the filing fee should be apportioned between multiple prisoner plaintiffs, *see e.g. Williams v. Lafler*, No. 08-13821, 2009 WL 87004, at * 1 (E.D. Mich. Jan.12, 2009); *Coleman v. Granholm*, No. 06-12485, 2007 WL 1011662, at * 2 (E.D. Mich. Mar. 29, 2007), other district courts within the Sixth Circuit concluded that since the Sixth Circuit's administrative order in that case "did not consider the impact of Fed. R. Civ. P. 20 on implementation of the PLRA [or the fact that] the PLRA was designed to make prisoners feel the deterrent effect of the filing fee ... [courts should conclude that] each separate plaintiff is individually responsible for a full filing fee...." *Jones v. Fletcher*, No. A.05CV07-JMH, 2005 WL 1175960, at * 6 (E.D. Ky. May 5, 2005); *Lawson v. Sizemore*, No. A.05-CV-108-KKC, 2005 WL 1514310, at * 1 n. 1 (E.D. Ky. June 24, 2005). Other circuits held that each prisoner in a multiple prisoner plaintiff action is required to pay the entire filing fee rather than have the fee apportioned among the different prisoners. *See e.g. Hagan v. Rogers*, 570 F. 3d 146, 155-56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). The Sixth Circuit's approach unfortunately "creates difficult problems of apportionment when some plaintiffs have funds in their trust accounts, others do not, and still others have "struck out" under § 1915(g) and can no longer proceed *in forma pauperis*"[.]. *Boriboune v. Berge*, 391 F.3d at 855. This court need not address this issue because the case is being dismissed without prejudice for failing to cure the filing fee deficiency.

not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

The plaintiffs' complaint is deficient because none of them have filed an application to proceed without prepayment of fees and costs or an affidavit of indigency. More importantly, the plaintiffs have failed to include for each plaintiff a financial certificate signed by the plaintiff's custodian or designee or a current computerized trust fund statement of account showing the history of the financial transactions in each of their institutional trust fund accounts for the past six months.

Plaintiffs filed a Motion to Order their Custodians to Set Aside 20% of every Plaintiff's Portion of All Future Deposits to Plaintiffs' Accounts (ECF No. 7). Plaintiffs claim that jail officials refuse to provide them with a copy of each of their jail trust account statements or certify it. This court believed that Plaintiffs' allegations were conclusory and unsupported. The court ordered Plaintiffs to show cause why the complaint should not be dismissed. The court ordered Plaintiffs to provide documentation to this court from a source independent of plaintiffs themselves within thirty days of the show cause order to establish that the jail authorities refuse to provide them with a copy of their trust account statements and to sign and certify it. The court also warned that failure to do so would lead to the dismissal of the complaint. (ECF No. 11).

Plaintiffs filed a response to the show cause order. (ECF No. 12). They again allege that jail officials refuse to provide them with certified copies of their trust account statements, but they once again have provided the Court no independent proof or evidence to show that they requested certified copies of their trust account statements from Wayne County Jail officials or any documentation showing that jail officials denied their requests.

As stated in the show cause order, plaintiffs' conclusory and unsupported allegations of wrongdoing by jail officials by refusing to provide them with their certified trust account statements are insufficient to excuse the filing fee deficiency in this case. *See, e.g., Montana v. Hargett,* 212 F. App'x 770, 772-73 (10th Cir. 2007). Although plaintiffs claim in their prior motion and again in their response to the order to show cause that Chief Judge Sean F. Cox excused the plaintiffs in another case involving the Wayne County Jail from having to file their trust account statements, it was only after the plaintiffs in that case had established that they had made diligent attempts to obtain this documentation. *See Ewing, et. al., v. Wayne County Sheriff,* Case No. 22-cv-11453 (E.D. Mich. Mar. 21, 2023) (ECF Nol. 27). Plaintiffs in this case have made no such showing even though they were given an opportunity by this court to do so. Unlike the plaintiffs in *Ewing,* they have not even alleged that they asked jail officials to provide them with this documentation.

Plaintiffs failed to provide the Court with a signed certification regarding each of their jail trust fund accounts. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. App'x 208, 209-10 (10th Cir. 2004); s*ee also Moore v. Vantifflin,* No. 2009 WL 224548, *1 (E.D. Mich. Jan. 30, 2009). The court will dismiss the complaint without prejudice for want of prosecution based upon plaintiffs' failure to fully comply with the deficiency order. *See e.g. Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court, **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes Plaintiffs from filing a new civil rights complaint under a new case number or numbers (should they choose to proceed separately) so long as they pay the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees. Plaintiffs' other pending motions are denied as moot.

**SO ORDERED**.

Dated: November 2, 2023

s/F. Kay Behm
F. Kay Behm
United States District Judge

5